### Tarvin v. Boltz, Judge.

(Decided April 27, 1917.)

### Appeal from Campbell Circuit Court.

Counties—County Officers—Fiscal Court Commissioners—Elections—General Election.—Under section 1847 of the Kentucky Statutes, as amended by the Act of 1916 (Acts 1916, p. 577), the question whether the fiscal court of a county shall be so changed as to be composed of three commissioners and the judge of the county court, may be submitted to the voters "at the next general

election" after the application, although it should be an election at which members of the federal congress are to be elected.

WILLIAM A. BURKAMP and HOWARD M. BENTON for appellant.

JAMES C. WRIGHT, JOHN T. HODGE and BLAIN McLAUGHLIN for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

Pursuant to an election held on November 7, 1916, under section 1847 of the Kentucky Statutes, a majority of the voters of Campbell county voted that its fiscal court should consist of the county judge and three commissioners, instead of being composed of the county judge and the justices of the peace of the county, as it had existed up to that time. Constitution, section 144.

Accordingly, and pursuant to section 1847, *supra*, the county judge, on March 19, 1917, entered an order dividing the county into three districts and directing a poll to be opened for the election of three commissioners at the general election to be held in November, 1917.

The appellant, Tarvin, as a citizen and taxpayer of Campbell county, instituted this action against the appellee, J. Edward Boltz, judge of the Campbell county court, to have the election held on November 7, 1916, adopting the commission form of government and the order of March 19, 1917, calling an election, declared void, and to prohibit the county court from holding the election in November, 1917, for the election of county commissioners.

The only question presented for decision upon this appeal is the validity of the election held November 7, 1916. The circuit court being of opinion the election was valid, dismissed the petition, and the plaintiff prosecuted this appeal. We are of opinion the ruling of the circuit court was clearly right.

Prior to the amendment of 1916, section 1847 of the Kentucky Statutes required the judge of the county court, to submit to the qualified voters of the county the question whether the fiscal court of the county should be composed of three commissioners, to be elected from the county at large, and the judge of the county court, at the next general election thereafter "to be held *for county officers.*" The question whether the fiscal court should be so changed as to be composed of three commissioners

and the judge of the county court had theretofore been submitted to and carried by the voters of Campbell county at the general election held in 1912; and, pursuant to that election three commissioners were elected in 1913.

But, as no county officer was elected in 1912, the election by which the commission form of government was adopted was held to be no election, under the statute, and consequently, that the commissioners voted for in 1913, were not elected. Hutchinson v. Miller, 158 Ky. 363.

In the opinion, however, in that case, the court said:

"Unquestionably the Legislature had the authority to designate, as they did do, the general elections at which this question should be submitted, and in the exercise of this power they designated a time at which a general election for county officers was being held."

But, by an Act approved March 24, 1916, section 1847, *supra*, was amended so as to eliminate the provision requiring the question to be submitted at an election in which county officers were chosen, and by authorizing and directing the question whether the county would adopt the commission form of government to be submitted "at the next general election thereafter to be held." Acts 1916, p. 577.

It is under the act as thus amended that the election or submission under consideration was held; and, it is conceded that the statute has been strictly followed.

It is insisted, however, that section 1847 as amended violates sections 147 and 148 of the constitution, in that it permits a submission of the question whether a county shall adopt a commission form of government, at an election in which congressmen are elected, and that in this instance the commission form of government was adopted at the general election in 1916, which was a federal election.

Section 148 of the constitution, in part, reads as follows:

"All elections of state, county, city, town or district officers shall be held on the first Tuesday after the first Monday in November; but no officer of any city, town, or county, or of any subdivision thereof, except members of municipal legislative boards, shall be elected in the same year in which members of the House of Representatives of the United States are elected."

And, section 147 of that instrument, further provides:

"The word 'elections' in this section includes the decision of questions submitted to the voters, as well as the choice of officers by them."

It is insisted that since section 148, *supra,* provides that no officer of a county shall be elected in the same year in which members of the federal congress are elected, and the term "elections" includes the decision of the question to adopt a commission form of government for the county, that question could not legally have been submitted to the voters at the general election held in November, 1916, because members of congress were then elected, and, consequently, that the election under the submission of 1916 and the subsequent proceedings taken pursuant thereto, were void.

It will be observed, however, that although section 148 of the constitution provides that no county officer could have been elected in 1916, because that was a congressional election, it does not provide that the question whether a county shall adopt a commission form of government shall not be submitted at a congressional election.

In other words, section 148, *supra,* does not treat the election of a county officer and the decision of a submitted question, as synonymous or equivalent phrases. If there could have been any doubt upon this question it must be treated as ended by the language above quoted from the opinion in Hutchinson v. Miller.

The question of a commission form of government for the county was submitted at the congressional election in 1912, but it was not held invalid for that reason; on the contrary, that election was held void because it was held in violation of section 1847 of the Kentucky Statutes as it then stood, which required the election to be held at a time when county officers were elected; and, the court expressly said that the legislature had the authority to designate the general elections at which questions of this character might be submitted. There is no intimation in that opinion that the legislature could not authorize the county court to designate a congressional election for the submission of such a question. It is a well settled rule of construction that the state legislature has all power that is not expressly taken from it either by the state constitution or by the federal constitution. In this respect it differs from the

congress of the United States, which has only such power as is conferred upon it, either expressly or by necessary implication. Pannell v. Louisville Tobacco Warehouse Co., 113 Ky. 640; Martin v. Hunter, 1 Wheat. 326; Cooley's Const. Lim., 7th ed., pp. 11, 241.

There being no constitutional prohibition upon the power of the legislature to authorize the submission of the question at the next general election after the application, although it be a federal election, it had the power to pass the Act of 1916 and the election so held in that year was valid.

Judgment affirmed.